IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>RAQUEL BLOOM,<br><br>                Defendant. | 8:21-CR-211<br><br>**ORDER ON MOTION TO EXTEND AND CONTINUE** |

       This matter is before the Court on defendant Raquel Bloom's Motion to Extend Dates on Sentencing Schedule and Continue Sentencing. Filing 112. Defendant's Motion, filed on March 21, 2023, requests extension of the dates on Defendant's sentencing schedule and a continuation of the sentencing hearing by at least three weeks. Filing 112 at 1.

       The Order on Sentencing Schedule required Defendant to submit objections to the initial presentence report prepared by the probation office by March 13, 2023, eight days before Defendant filed her Motion. Filing 102 at 1. Federal Rule of Criminal Procedure 45(b)(1) only permits the extension of a deadline that has already passed when the moving party shows both good cause and excusable neglect. See Fed. R. Crim. P. 45(b)(1). Good cause refers to a party's diligence in trying to comply with a deadline, while excusable neglect focuses on the equities underlying whether to excuse a parties' noncompliance. See *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 854 (8th Cir. 2021) (explaining excusable neglect); *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (explaining good cause).[1] Four factors guide the excusable-neglect analysis: "(1) the danger of prejudice to the opposing party,

---

[1] Rule 45(b)(1) is nearly identical to Federal Rule of Civil Procedure 4(b)(1) and both use the same "good cause" and "excusable neglect" standards. Compare Fed. R. Crim. P. 45(b)(1), *with* Fed. R. Civ. P. 4(b)(1). Thus, cases applying Federal Rule of Civil Procedure 4(b)(1) have applicability here.

1

(2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *United States v. Boesen*, 599 F.3d 874, 879 (8th Cir. 2010), *as corrected* (Apr. 1, 2010) (cleaned up).

Defendant makes no attempt to show excusable neglect. Defendant fails to provide the Court with any reason for her delay, which is "[t]he most important factor in the analysis." *Feeney v. AT & E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006). The length of delay is also significant in the context of sentencing, in which the deadlines are more truncated than in other matters. Finally, the delay would also impact judicial proceedings because the probation officer has already submitted the presentence investigation report to the Court, so allowing Defendant to now file objections with the probation officer would potentially require redrafting the report. Therefore, the March 13, 2023, deadline (and all other deadlines in the sentencing schedule preceding Defendants' Motion) will not be disturbed.

The March 30, 2023, deadline to submit certain motions and documents to the Court has not yet passed; thus, all that is required to extend it is good cause. The Court finds that Defendant has shown good cause here for the reasons stated in her Motion. She has likewise shown good cause to continue sentencing. Accordingly,

IT IS ORDERED:

1. Raquel Bloom's Motion to Extend and Continue, Filing 112, is granted in part and denied in part; and

2. The Court will enter an amended order on sentencing schedule in accordance with this Order.

Dated this 23rd day of March, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge